UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | | |
|---|---|---|
| ERIC MCCLANAHAN | : | DOCKET NO. 6:22-cv-03741 |
| VERSUS | : | JUDGE JAMES D CAIN, JR |
| UNITED SERVICES AUTOMOBILE ASSOCIATION | : | MAGISTRATE JUDGE KAY |

**REPORT AND RECOMMENDATION**

Before the court is a Motion to Dismiss filed by defendant United Services Automobile Association (USAA). Doc. 19.  The time for response has passed with none being filed, making this motion unopposed and ripe for resolution.  The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated, **IT IS RECOMMENDED** that the motion be **GRANTED.**

**I.**
**BACKGROUND**

This case arises from damage to plaintiff's home in Duson, Louisiana, from Hurricanes Laura and Delta.  Plaintiff, who was then represented by attorneys from McClenny Moseley & Associates, PLLC (MMA), filed suit in this court on August 24, 2022, raising claims of breach of insurance contract and bad faith against USAA under Louisiana law.  Doc. 1.  The suit was filed pursuant to the court's diversity jurisdiction under 28 U.S.C. 1332, asserting that plaintiff was a citizen of Louisiana and USAA a citizen of Texas. *Id.* at ¶ 3.  In October 2022, the court stayed all suits filed by MMA after concerns of misconduct by those attorneys began to arise. Doc. 4.

Plaintiff became a *pro se* litigant by operation of an order of this court styled Order Terminating Former MMA Counsel from Proceedings, Designating Plaintiff a *Pro Se* Litigant, and Other Matters (the "Termination Order").  Doc. 18.  The Termination Order also lifted the stay in this matter. *Id.*  USAA now moves to dismiss the suit for lack of jurisdiction, arguing that there is no diversity of citizenship because USAA is also counted as a citizen of Louisiana. Doc. 19. Plaintiff has not responded to the motion, despite the court's explanation to plaintiff of his rights and responsibilities as a *pro se* litigant and warnings of what could be the result were he to ignore the responsibilities. Docs. 18.[1]

## II.
### LAW AND ANALYSIS

#### A.  Rule 12(b)(1)

A motion under Rule 12(b)(1) attacks the court's jurisdiction to hear and decide the case. Fed. R. Civ. P. 12(b)(1).  The burden lies with the party seeking to invoke the court's jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  Lack of subject matter jurisdiction may be found based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.*  On a facial attack to subject matter jurisdiction, which is based on the sufficiency of the complaint, the court accepts all well-pleaded allegations in the complaint as true and construes those allegations in the light most favorable to the plaintiff. *Paterson v. Weinberger,* 644 F.2d 521, 523 (5th Cir. 1981).  Because USAA has submitted evidence outside the pleadings that contradicts the jurisdictional allegations in the complaint, this matter involves a "factual" attack, and the court will consider that evidence while resolving any disputed issues of

---

[1] "Failure to follow rules and cooperate could result in penalties being imposed, which ultimately could result in a recommendation that the case be dismissed."  Doc. 18, p. 4.

fact. *Id.* In a factual attack, the plaintiff bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Id.*

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 133 S. Ct. 1059, 1064 (2013) (citing *Kokkonen v. Guardian Life Ins. Co. of America,* 114 S. Ct. 1673, 1675 (1994)). There is no basis for federal question jurisdiction in this case because plaintiff raises only state law claims. *See* 28 U.S.C. § 1331. As for diversity jurisdiction under 28 U.S.C. § 1332, plaintiff must show complete diversity of citizenship and an amount in controversy greater than $75,000, exclusive of interest and costs. Complete diversity means that each plaintiff must have different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of N. Am.*, 841 F.2d 1254, 1258 (5th Cir. 1988). In other words, the court cannot exercise jurisdiction if any plaintiff is a citizen of the same state as any defendant. *Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003).

Here, plaintiff stated in his complaint that he is a citizen of Louisiana and alleged that USAA was incorporated under the laws of Texas with its principal place of business in San Antonio. Doc. 1, ¶ 3. USAA, however, asserts that it is a reciprocal insurance organization that has members in all 50 states. Doc. 19, att. 1, pp. 2–3. In support of this assertion, USAA provides the court with multiple cases where other courts have found that USAA is in fact an unincorporated association with members in every state. *Id.* at p. 3. An unincorporated association is a citizen of each state in which it has a member. *Temple Drilling Co. v. Louisiana Ins. Guar. Ass'n.*, 946 F.2d 390, 393 (5th Cir. 1991). USAA is thus a citizen of every state, including Louisiana. *E.g.*, *Cruz v. USAA*, No. 21-515, 2021 WL 2662155, at *1 (E.D. La. June 29, 2021). Plaintiff has submitted no evidence or argument that disputes these assertions of USAA.

Because both plaintiff and defendant are citizens of Louisiana, there is no basis for the court's exercise of jurisdiction and, therefore, we recommend this matter be dismissed.

## B. Failure to Prosecute

In the event that the district court finds that a basis for exercising jurisdiction does exist, we nevertheless recommend that the case be dismissed, but without prejudice, for plaintiff's failure to prosecute and abide by orders of the court.

Rule 1 of the Federal Rules of Civil Procedure, defining the scope and purpose of the rules governing procedure in civil actions and proceedings, instructs us to construe, administer, and employ the rules "to secure the just, speedy, and inexpensive determination of every action and proceeding."  Rule 41(b) of the Federal Rules of Civil Procedure "allows the district court to dismiss an action upon the motion of a defendant, or upon its own motion, for failure to prosecute." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992); *see also Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (discussing *Berry*).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. R. Co.*, 82 S. Ct. 1386, 1388 (1962).

In the Termination Order, the undersigned explained to plaintiff his rights and obligations as a *pro se* plaintiff, including the responsibility to "be aware of and abide by the various orders and rules of the court." Doc. 18, p. 4.  The court also set a status conference that plaintiff was ordered to attend in person and warned plaintiff that failure to fulfill his obligations as a *pro se* litigant could result in penalties, which could result in a recommendation that the case be dismissed. *Id.*  The court held the status conference on August 9, 2023, in Lafayette, Louisiana.

Doc. 23. Plaintiff did not appear for the status conference as instructed. *Id.* The court has received

no contact from plaintiff regarding the case.

As of this date, no attorney has moved to enroll on plaintiff's behalf. Plaintiff has not

participated in the prosecution of this case, including responding to the current motion. We see no

action plaintiff has taken to move this case along to its completion. Accordingly, we recommend

that this civil action be dismissed without prejudice for failure to prosecute and abide by the orders

of the court.

### III.
#### CONCLUSION

For the reasons stated, **IT IS RECOMMENDED** that the Motion to Dismiss [Doc. 19] be

**GRANTED** and that all claims in this matter be **DISMISSED WITH PREJUDICE**.

Alternatively, we **RECOMMEND** to the district court that this matter be **DISMISSED**

**WITHOUT PREJUDICE** for plaintiff's failure to prosecute and abide by the orders of the court,

and that the judgment provide that this civil action may be reinstated within 30 days for good cause

shown, per W.D. La. Loc. Civ. R. 41.3, with any such showing to be made in writing and filed into

the record of this matter.

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil

Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file

written objections with the Clerk of Court. A party may respond to another party's objections

within fourteen (14) days after being served with a copy thereof. Failure to file written objections

to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and

Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved

party from attacking either the factual findings or the legal conclusions accepted by the District

Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

 THUS DONE AND SIGNED in Chambers this 1ˢᵗ day of November, 2023.


_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE